IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

2004 MAY 17 P 5: 52

FILED
IN CLERK'S OFFICE

| | |
|---|---|
| ELV ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. 04-cv-10930-RGS |
| v. ) | |
| ) | |
| PARK OFFICE PROPERTIES II, LLC, ) | |
| ) | |
| Defendant. ) | |

## PARK OFFICE PROPERTIES II, LLC'S MOTION TO DISMISS

COMES NOW Defendant Park Office Properties II, LLC ("POP II") and, pursuant to Fed.R.Civ.P. 12(b)(6), moves the Court to dismiss this action for failure to state a claim upon which relief can be granted.

ELV Associates, Inc.'s ("ELV's") claim for breach of contract, Count I of the Complaint, fails as a matter of law because the letter of intent (the "Letter of Intent") at issue is ineffective under the Statute of Frauds to create a binding conveyance agreement. Insofar as ELV argues that affirmative obligations exist, short of a duty to transfer the commercial property at issue, the Letter of Intent neither expressly created a duty to negotiate in good faith under Massachusetts law nor bound POP II to sign a purchase and sale agreement.

Since the Letter of Intent did not create a contract between the parties to convey real estate or to negotiate in good faith, ELV's claim for breach of an implied covenant of good faith and fair dealing, Count II of the Complaint, also fails as a matter of law because an implied covenant is not enforceable absent a binding contract.

ELV's claim for promissory estoppel, Count III of the Complaint, fails because ELV has not met the elements of a claim for promissory estoppel. No evidence exists of a representation by POP II that a deal existed between POP II and ELV, and the Letter of Intent expressly provides to the contrary. Paragraph 10 of the Letter of Intent provides as follows:

> This letter is being written with the understanding that, other than those provisions hereof which expressly call upon the parties to undertake or refrain from undertaking certain actions upon the execution of this letter of intent and the indemnities described herein which shall expressly survive, during the period subsequent to the full execution of this letter of intent until the purchase and sale agreement is executed, ***no party will be bound by any of the terms until negotiations have been concluded and a definitive purchase agreement has been executed covering all of the foregoing <u>and such considerations as either of the parties deems appropriate</u>***. *Neither the expenditure of funds by either of us or our undertaking actions to investigate the Property will be regarded as the partial performance of a binding agreement or entitle the party expending funds or taking action to any right to assert claims for reimbursement of damages against the other party.* ***This letter is <u>intended to be an expression of our interest</u> in the Property and our willingness to continue to negotiate in good faith effort to reach a definitive agreement.***

Complaint, Ex. A, ¶ 10, pp. 4-5 (emphasis added). Given the sophisticated business parties involved, and the commercial nature of the transaction, placing reliance upon a Letter of Intent is unreasonable as a matter of law. Finally, ELV cannot show that it reasonably relied upon the Letter of Intent to its detriment when the document expressly waived such damages in the Letter of Intent. As a result, ELV's promissory estoppel claim fails to state a claim for which relief can be granted.

ELV's claim under G.L. c. 93A, § 2 fails to allege conduct sufficiently unfair or deceptive to set forth a claim under that statute. Absent a contract, ELV has no factual predicate for this claim. Moreover, ELV cannot demonstrate that sophisticated consumers of real estate investments would have considered the disruption of a transaction based upon a material price

impediment to have been either unfair or deceptive. Consequently, Count IV of ELV's Complaint fails to state a claim upon which relief can be granted.

For the foregoing reasons, and as set forth more fully in POP II's Brief in Support of its Motion to Dismiss, submitted contemporaneously with the instant Motion, the Court is urged to dismiss this action in its entirety for failure to state a claim upon which relief can be granted.

Respectfully submitted,

Carlos Pérez-Albuerne (BBO #640446)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

OF COUNSEL:

William M. Droze
Vincent Bushnell
TROUTMAN SANDERS LLP
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000
Fax: (404) 885-3900

Dated: May 17, 2004

## LOCAL RULE 7.1 CERTIFICATION

I, Carlos Perez-Albuerne, hereby certify that I have conferred with opposing counsel before filing this Motion in an effort to resolve or narrow the issues presented.

_____
Carlos Perez-Albuerne