UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10930-RGS

ELV ASSOCIATES, INC.

v.

PARK OFFICE PROPERTIES II, LLC

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

June 22, 2004

STEARNS, D.J.

I am satisfied that for purposes of a motion to dismiss, the Complaint adequately pleads a contractual agreement to negotiate the purchase and sale of the Property in good faith. While the letter of intent, at paragraph 10 contains language excusing performance until the execution of a "definitive" agreement, the paragraph excepts those provisions "which expressly call upon the parties to undertake or refrain from undertaking certain actions." Among these, as set out separately in paragraph 5(a), is the dictate that the parties "shall diligently negotiate in good faith and shall attempt to execute and deliver" by the agreed date a binding purchase and sale agreement. "Shall" is generally understood to be a word of command and is given a mandatory meaning. Shea v. Bd. of Selectmen of Ware, 34 Mass. App. Ct. 333, 335-336 (1993); Uglietta v. City Clerk of Somerville, 32 Mass. App. Ct. 742, 744 (1992). I agree with plaintiff that the holding of Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992), on which defendant relies, is distinguishable, as in Schwanbeck the expression of the intent to proceed in good faith immediately followed

the exculpatory disclaimer.[1]  I also do not read Newharbor Partners, Inc. v. F.D. Rich Co., Inc., 961 F.2d 294 (1st Cir. 1992), as suggesting anything but that it is open to parties to enter a letter of intent imposing "a legally binding mutual obligation to act in good faith while simultaneously [including] a non-binding clause as to the rest of its terms."  Id. at 299.

Having entered a binding agreement to negotiate in good faith, it follows that each party was bound to do nothing "that [would] have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."  Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-472 (1992).  Moreover, conduct undertaken as leverage to destroy the rights of another party to an agreement will support an action under G.L. Chapter 93A.  Massachusetts Employers Insurance Exchange v. Propac-Mass, Inc., 420 Mass. 39, 43 (1995).  Finally, while the writings alleged would appear, when taken as a whole, to satisfy the Statute of Frauds, plaintiff is correct that detrimental reliance on an oral promise to convey property may result in an estoppel.  Nessralla v. Peck, 403 Mass. 757, 761 (1989).  Cf. Schara v. Commercial Envelope Mfg. Co., Inc., 321 F.3d 240, 243 (1st Cir. 2003).[2]

## ORDER

---

[1]As I understand the Complaint, the breach alleged by plaintiff is not defendant's failure to negotiate a purchase and sale agreement in good faith, but the parties having done so, plaintiff objects to defendant's refusal to execute the "fully-negotiated" instrument. See Goren v. Royal Investments, Inc., 25 Mass. App. Ct. 137, 140-141 (1987).  This issue raises evident issues of fact that cannot be resolved on a motion to dismiss.  See Situation Management Systems, Inc. v. Malouf, Inc., 430 Mass. 875, 879 (2000).

[2]While paragraph 10 of the letter of intent holds the parties harmless for money expended in due diligence, plaintiff makes the sensible argument in support of its estoppel claim that its damages are no less detrimental for being non-compensable.

For the foregoing reasons, the motion to dismiss is <u>DENIED</u>.  The Clerk will calendar a scheduling conference.[3]

                    SO ORDERED.

                    /s/ Richard G. Stearns

                    _____
                    UNITED STATES DISTRICT JUDGE

---

[3] Federal Jurisdiction having been questioned, defendant shall within ten (10) days of this Order certify that no member of the limited liability company is a citizen of Massachusetts. <u>Cf.</u> <u>American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP</u>, 362 F.3d 136, 138 (1st Cir. 2004).