IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| ELV ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. 04-10930-RGS |
| v. ) | |
| ) | |
| PARK OFFICE PROPERTIES II, LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## VERIFIED ANSWER AND COUNTERCLAIM

COMES NOW Defendant Park Office Properties II, LLC ("POP II") and states as its Answer to the Complaint of Plaintiff ELV Associates, Inc. ("ELV") the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

ELV's claims are barred by the doctrine of laches.

### THIRD DEFENSE

ELV's claims are barred by the doctrine of waiver.

### FOURTH DEFENSE

ELV's claims are barred by the doctrine of estoppel.

### FIFTH DEFENSE

POP II has acted at all times in good faith and in accordance with applicable law.

### SIXTH DEFENSE

ELV's equitable claims are barred in whole, or in part, by the existence of an adequate legal remedy.

## SEVENTH DEFENSE

Count I of ELV's Complaint for Breach of Contract is barred by the Statute of Frauds.

## EIGHTH DEFENSE

POP II has complied with all of its obligations under the Letter of Intent.

## NINTH DEFENSE

The Letter of Intent fails for want of partial or total consideration.

## TENTH DEFENSE

The preamble to the Complaint sets forth legal conclusions and the reasons for which Plaintiff contends it is entitled to relief that is stated in violation of Fed.R.Civ.P. 10(b) and require no response of Defendant. To the extent an answer is deemed required, said allegations are denied except as otherwise addressed herein.

## ELEVENTH DEFENSE

Without waiver of the foregoing affirmative defenses, which are incorporated herein by reference, POP II responds to ELV's allegations in the enumerated paragraphs of its Complaint as follows:

## THE PARTIES

1.

POP II is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 1 of the Complaint; to the extent an answer is deemed required, said paragraph is denied.

2.

POP II admits that its principal place of business is located at 3520 Piedmont Road, N.E., Suite 410, Atlanta, Georgia. POP II further admits that it is a Georgia limited liability company engaged in the business of owning and operating commercial real estate and that POP II is registered to do business and does business in the Commonwealth of Massachusetts. POP II denies the remaining allegations in Paragraph 2, including, but not limited to, the allegations that POP II is a limited liability company organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

3.

POP II admits that this Court has personal jurisdiction over the parties in this case. POP II denies the remaining allegations in Paragraph 3 of the Complaint.

4.

POP II admits that this Court has jurisdiction over the subject matter of this case. POP II denies the remaining allegations in Paragraph 4 of the Complaint.

5.

POP II admits that venue is proper in this Court. POP II denies the remaining allegations in Paragraph 5 of the Complaint.

## FACTS COMMON TO ALL COUNTS

6.

POP II admits that Two Liberty Square in Boston, Massachusetts (the "Property") consists of approximately 67,749 square feet of office space, which is currently leased to Putnam Investments. POP II is without sufficient information or knowledge to form a

belief as to the truth or falsity of the remaining allegations set forth in Paragraph 6 of the Complaint; to the extent an answer is deemed required, said paragraph is denied.

7.

POP II is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 7 of the Complaint; to the extent an answer is deemed required, said paragraph is denied.

8.

POP II is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 8 of the Complaint; to the extent an answer is deemed required, said paragraph is denied.

9.

POP II is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint; to the extent an answer is deemed required, said paragraph is denied.

10.

POP II denies Paragraph 10 as written. POP II admits that the parties agreed that ELV would undertake certain preliminary due diligence on the Property at its own cost prior to signing the Letter of Intent. POP II denies that ELV conducted preliminary due diligence solely at POP II's request. POP II is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 10 of the Complaint; to the extent an answer is deemed required, said paragraph is denied.

11.

POP II denies Paragraph 11 as written. POP II admits that in its negotiations with ELV a purchase price of up to $15,500,000 for the Property was discussed. POP II denies the remaining allegations in Paragraph 11 of the Complaint.

12.

POP II denies Paragraph 12 as written. POP II admits that in its negotiations with ELV a purchase price of $15,250,000 for the Property was discussed but states that the terms of the Letter of Intent would not become binding until all "considerations" of the parties had been addressed. POP II denies the remaining allegations in Paragraph 12 of the Complaint, including, but not limited to, the allegation that the parties ever agreed to a purchase price for the Property.

13.

Paragraph 13 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 13.

14.

Paragraph 14 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 14.

15.

Paragraph 15 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 15.

16.

Paragraph 16 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 16.

17.

Paragraph 17 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 17.

18.

Paragraph 18 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 18, including, but not limited to, the allegation that the parties contractually bound themselves to execute a purchase and sale agreement in good faith on an expedited basis prior to January 26, 2004.

19.

Paragraph 19 of the Complaint refers to several documents, which being written, speak for themselves in terms of content and legal effect. With regard to the first sentence of Paragraph 19, POP II admits that the parties engaged attorneys prior to signing the Letter of Intent. Except as stated, POP II denies the remaining allegations in Paragraph 19.

20.

POP II admits that draft purchase and sale agreements were exchanged between the parties between January 13, 2004 and January 21, 2004. POP II denies the remaining

allegations in Paragraph 20, including, but not limited to, the allegation that the parties negotiated all material terms of a purchase and sale agreement.

21.

Paragraph 21 of the Complaint refers to two documents, which being written, speak for themselves in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 21, including, but not limited to, the allegation that the parties completed their negotiations on January 21, 2004.

22.

Paragraph 22 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 22.

23.

Paragraph 23 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 23.

24.

POP II is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 24 of the Complaint; to the extent an answer is deemed required, said allegations are denied.

25.

POP II is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations set forth in Paragraph 25 of the Complaint; to the extent an answer is deemed required, said paragraph is denied.

26.

POP II denies the allegations in Paragraph 26 of the Complaint.

27.

Paragraph 27 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 27.

28.

POP II denies Paragraph 28 as written. POP II admits that it has not signed a purchase and sale agreement for the Property. POP II denies the remaining allegations in Paragraph 28, including, but not limited to, the allegations that a fully-negotiated purchase agreement ever existed.

29.

POP II denies Paragraph 29 as written. POP II admits that it has stated that POP II intended to sell the Property to ELV upon a mutually agreeable resolution of the prepayment penalty issue. POP II further admits that in its good faith negotiations with ELV purchase prices above $15,250,000 were discussed. POP II denies the remaining allegations in Paragraph 29, including, but not limited to, the allegation that POP II used the issue of its prepayment penalty to extract a $600,000 price concession from ELV.

## COUNT I
(Breach of Contract)

30.

POP II incorporates its affirmative defenses and responses to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.

POP II denies the allegations in Paragraph 31 of the Complaint.

32.

POP II denies the allegations in Paragraph 32 of the Complaint.

33.

POP II denies the allegations in Paragraph 33 of the Complaint.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

34.

POP II incorporates its affirmative defenses and responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein.

35.

POP II denies the allegations in Paragraph 35 of the Complaint.

36.

POP II denies the allegations in Paragraph 36 of the Complaint.

37.

POP II denies the allegations in Paragraph 37 of the Complaint.

## COUNT III
(Promissory Estoppel)

38.

POP II incorporates its affirmative defenses and responses to Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39.

Paragraph 39 of the Complaint refers to a document, which being written, speaks for itself in terms of content and legal effect. Except as stated, POP II denies the remaining allegations in Paragraph 39.

40.

POP II denies the allegations in Paragraph 40 of the Complaint.

41.

POP II denies the allegations in Paragraph 41 of the Complaint.

42.

POP II denies the allegations in Paragraph 42 of the Complaint.

## COUNT IV
(Violation of Mass. Gen. L. c. 93A, § § 2 and 11)

43.

POP II incorporates its affirmative defenses and responses to Paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44.

POP II denies the allegations in Paragraph 44 of the Complaint.

45.

POP II admits the allegations in Paragraph 45 of the Complaint.

46.

POP II denies the allegations in Paragraph 46 of the Complaint.

47.

POP II denies the allegations in Paragraph 47 of the Complaint.

48.

POP II denies the allegations in Paragraph 48 of the Complaint.

Any language, paragraph, or allegation of the Complaint not expressly admitted or denied above is hereby denied.

WHEREFORE, POP II prays the Court grant it the following relief:

(A)   **TRIAL BY A JURY;**

(B)   That ELV's Complaint be dismissed with prejudice in its entirety;

(C)   That judgment be entered in favor of POP II and against ELV on each Count of the Complaint;

(D)   That all costs of the action be cast against ELV;

(E)   That POP II be awarded its reasonable attorneys' fees and expenses; and

(F)   That the Court award POP II such other and further relief as is deemed just and proper.

## COUNTERCLAIM

COMES NOW Park Office Properties II, LLC, ("POP II") Plaintiff in Counterclaim, and pursuant to Fed.R.Civ.P. 13 states as its Counterclaim against Defendant in Counterclaim ELV Associates, Inc. ("ELV") the following:

1.

This Court has subject matter and personal jurisdiction over ELV.

2.

Venue against ELV is proper in this Court.

3.

On January 13, 2004, POP II executed a Letter of Intent with ELV pertaining to the purchase of Two Liberty Square in Boston, Massachusetts (the "Property") which consists of approximately 67,749 square feet of office space, which is currently leased to Putnam Investments.

4.

Pursuant to Paragraph 5 (a) of the Letter of Intent: "Purchaser and Seller shall diligently negotiate in good faith and shall attempt to execute and deliver, by no later than January 16, 2004, a **mutually acceptable** purchase and sale agreement incorporating, **among other mutually acceptable terms**, the terms outlined herein." (Emphasis added).

5.

Pursuant to Paragraph 10 of the Letter of Intent:

> This letter is being written with the understanding that, other than those provision hereof which expressly call upon the parties to undertake or refrain from undertaking certain actions upon the execution of this letter of intent and the indemnities described herein which shall expressly survive, during the period subsequent to the full execution of this letter of intent until the purchase and sale agreement is executed, no party will be bound by any of the terms until negotiations have been concluded and a definitive purchase agreement has been executed covering all of the foregoing **and such considerations as either of the parties deems appropriate**.

(Emphasis added).

6.

During the negotiation of a definitive purchase agreement with ELV, POP II learned that it would incur a pre-payment penalty at the time of the payment of outstanding indebtedness on the Property.

7.

The pre-payment penalty to which POP II would be subject was not set forth in the loan documents but rather required a calculation by the lender in order to determine the exact amount of the penalty.

8.

Despite having requested the penalty calculation be performed, and traveling to Germany to discuss the penalty with the lender, the lender has never provided POP II with a means of calculating the exact amount of the pre-payment penalty itself.

9.

POP II estimates that the penalty would be substantial and would alter the material terms and impair the value of the transaction which was under negotiation with ELV.

10.

POP II disclosed the pre-payment penalty problem to ELV in advance of the January 26, 2004 deadline for execution of a definitive purchase agreement.

11.

POP II invited ELV to participate in an effort to work around this material consideration to POP II and reach mutually acceptable terms for sale of the Property.

12.

After some brief discussions regarding the pre-payment penalty issue, ELV failed and refused to continue negotiating with POP II, instead insisting that any alteration in compensation would be unacceptable.

## COUNT I
(Breach of Letter of Intent and Implied Covenant of Good Faith and Fair Dealing)

13.

Pleading in the alternative as permitted by Fed.R.Civ.P. 8(a), and without waiver of its position that no binding contract existed, POP II has been damaged in an amount to be determined at trial by ELV's failure and refusal to negotiate in good faith with regard to the pre-payment penalty as provided in the Letter of Intent.

14.

ELV's refusal to address a material term affecting the consideration flowing between the parties has deprived POP II of the sale of the property to ELV or any other party, interest on the sale proceeds, and forced POP II to incur damages and attorney's fees as a direct and proximate consequence of ELV's breach of the terms of the Letter of Intent.

## COUNT II
(Violation of Mass. Gen. L. c. 93A, §§ 2 and 11)

15.

Pleading in the alternative as permitted by Fed.R.Civ.P. 8(a), and without waiver of its position that no binding contract existed, POP II incorporates herein by reference as if fully set forth the allegations of Paragraphs 1 through 14 of its Counterclaim.

16.

At all relevant times, ELV was engaged in trade or commerce in Massachusetts within the meaning of Mass. G.L. c.93A.

17.

As a business entity engaged in trade or commerce, POP II is entitled to assert claims for unfair or deceptive acts or practices by ELV under Mass. G.L. c.93A, § 11.

18.

ELV has engaged in unfair and deceptive acts or practices in violation of Mass. G.L. c.93A, §§ 2 and 11, by among other things, breaching the implied and express covenants of good faith and fair dealing that it owed to POP II.

19.

As a direct and proximate result of ELV's violation of Mass. G.L. c.93A, POP II has suffered and will continue to suffer injury and damages, including but not limited to attorney's fees and related costs and expenses.

20.

As a result of ELV's willful and knowing violation of Mass. G.L. c.93A, POP II is entitled to double or treble its actual damages, attorneys' fees and costs.

WHEREFORE POP II respectfully requests that this Court:

(G) **TRIAL BY A JURY ON ITS COUNTERCLAIM;**

(H) That the Court enter judgment in favor of POP II and against ELV on all Counts of the Counterclaim;

(I) That judgment be entered in favor of POP II and against ELV for treble damages, interest, costs and attorney's fees; and

(J) That all costs of the action be cast against ELV;

(K) That the Court award POP II such other and further relief as is deemed just and proper.

Respectfully submitted this 7th day of July, 2004.

CHOATE, HALL & STEWART

*(signature)*

Carlos Perez-Albuerne (BBO #640446)
53 State Street, Exchange Place
Boston, MA 02109
Tel: (617) 248-5000

OF COUNSEL:

TROUTMAN SANDERS LLP
WILLIAM M. DROZE
Georgia Bar No. 231039
VINCENT BUSHNELL
Georgia Bar No. 098999
Bank of America Plaza, Suite 5200
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000
Fax: (404) 885-3900
Attorneys for Defendant
Park Office Properties II, LLC

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| ELV ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARK OFFICE PROPERTIES II, LLC, )<br>)<br>Defendant. )<br>) | CIVIL ACTION<br>FILE NO. 04-10930-RGS |

## VERIFICATION

I, Ralph G. Edwards, Jr., Member of Park Office Properties II, LLC ("POP II"), state under the penalty of perjury that the information contained in POP II's Answer and Counterclaim is not within the personal knowledge of any one individual employed by POP II. Therefore, I state and verify that the responses contained therein were prepared and assembled by authorized representatives and counsel for POP II from records and files kept in the regular and ordinary course of business and from interviews of appropriate POP II employees, and that such information is true and accurate to the best of my knowledge, information, and belief.

This 2n day of July, 2004.

_____
RALPH G. EDWARDS, JR.

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| ELV ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARK OFFICE PROPERTIES II, LLC, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br>FILE NO. 04-10930-RGS |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing **VERIFIED ANSWER AND COUNTERCLAIM** upon the interested parties by placing a copy thereof in the United States mail with adequate postage thereon and addressed as follows:

Martin M. Fantozzi
Patrick M. Curran, Jr.
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110-3333

This 7th day of July, 2004.

Carlos Pérez-Albuerne (BBO #640446)