UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELV ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARK OFFICE PROPERTIES II, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-10930-RGS |

## MOTION FOR APPROVAL OF MEMORANDUM OF LIS PENDENS

Pursuant to Mass. Gen. L. c. 184 § 15, plaintiff ELV Associates, Inc. ("ELV") hereby moves for approval of a Memorandum of Lis Pendens relating to the real property at issue in this case, which is located at Two Liberty Square, Boston, Massachusetts, and is described in full on Appendix A to the Memorandum of Lis Pendens, which is attached hereto as Exhibit 1. A copy of a proposed Finding and Order of Approval of Memorandum of Lis Pendens is attached to the Memorandum of Lis Pendens as Exhibit 2.

In support of this motion, ELV states as follows:

1.  For the reasons set forth in the Verified Complaint and the accompanying Memorandum in Support of Plaintiff's Motion for Approval of Memorandum of Lis Pendens, the subject matter of this action constitutes a claim of right to title to the above-described real property (the "Property"), or the use and occupation thereof, and that ELV's claims in this action are not frivolous.

2. Because ELV has made the requisite showing that the subject matter of this action concerns an interest in real estate, it is entitled to endorsement of the attached Memorandum of Lis Pendens without regard to the legal sufficiency of its claim or the likelihood of success of the merits. *See Sutherland v. Aolean Dev. Corp.*, 399 Mass. 36, 40-41 (1987). As the Court observed in *Sutherland*, Mass. G.L. c. 184, § 15 "gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate." *Id.* at 41.

3. On June 22, 2004, the Court denied Park Office Properties' Motion to Dismiss the Verified Complaint for failure to state a claim upon which relief could be granted, holding that the Complaint adequately pleads a claim for breach of contract in connection with the sale of the Property.

4. Temporary equitable relief would not adequately protect ELV because, pursuant to Mass. G.L. c. 184, § 15(a), such temporary equitable relief will not be binding on persons not parties to this action who have no actual notice of the order of equitable relief. As a consequence, therefore, ELV could be deprived of its right to specific performance of the fully-negotiated purchase and sale agreement if the Defendant, Park Office Properties II, LLC, conveys the Property to a third-party buyer who has no actual knowledge of any equitable relief ordered by the Court.

5. For the reasons stated above, in the accompanying Memorandum in Support of Plaintiff's Motion for Approval of Memorandum of Lis Pendens, and in the Court's Memorandum and Order on Defendant's Motion to Dismiss, ELV's claims in this action are meritorious and not frivolous, and they have reasonable factual support and a solid basis in law.

WHEREFORE, ELV respectfully requests that this Court endorse the attached Memorandum of Lis Pendens.

Respectfully submitted,

ELV ASSOCIATES, INC.

By its attorneys,

*/s/ Patrick M. Curran, Jr.*
Martin M. Fantozzi (BBO# 554651)
Patrick M. Curran, Jr. (BBO# 659322)
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776

Dated: July 13, 2004

## LOCAL RULE 7.1 CERTIFICATION

I, Patrick M. Curran, Jr., hereby certify that I have attempted to confer with Defendant's counsel before filing this Motion in an effort to resolve or narrow the issues presented. Counsel has not responded.

*/s/ Patrick M. Curran, Jr.*
Patrick M. Curran, Jr.

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on July 13, 2004.

*/s/ Patrick M. Curran, Jr.*