UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ELV ASSOCIATES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARK OFFICE PROPERTIES II, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 04-10930-RGS |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR APPROVAL OF MEMORANDUM OF LIS PENDENS

The Court should endorse a memorandum of lis pendens relating to the real property at issue in this action (the "Property") because (1) the action constitutes a claim of right to title to the Property, (2) the Court has not ordered temporary injunctive relief that will preserve the status quo pending further proceedings, (3) ELV's claims in this action are not frivolous, and (4) the Court has denied Park Office Properties' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted.

Mass. Gen. L. c. 184, § 15(b), provides that "[u]pon motion of a party, if the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon, a justice of the court in which the action is pending *shall* make a finding to that effect and endorse the finding upon the memorandum [of lis pendens]" (emphasis added). As the Supreme Judicial Court has recognized, Section 15 "gives little discretion to the judge once the judge determines that the subject matter of the action concerns an interest in real estate." *See Sutherland v. Aolean Dev. Corp.*, 399 Mass. 36, 41 (1987); *see also Wolfe v. Gormally*, 440 Mass. 699, 706-07 (2004) (holding that a claim brought

to enforce "some interest in the real estate" is a claim that "affects title" under Mass. Gen. L. c. 184, § 15).

This is an action by Plaintiff ELV Associates, Inc. ("ELV") to enforce its rights under a binding letter of intent signed by the Defendant, Park Office Properties II, LLC ("Park Office Properties"), and under an agreement for the purchase and sale of certain real property owned by Park Office Properties that the parties fully and completely negotiated thereafter. In the letter of intent, the parties agreed to "diligently negotiate in good faith" and execute a purchase and sale agreement containing (among other terms) "the terms outlined herein" – which included a term setting the purchase price for the Property at $15,250,000. *See* Verified Complaint at ¶¶ 14-15 & Exh. A at ¶¶ 1 & 5(a). The parties further made their obligation to negotiate and execute the Purchase and Sale Agreement binding in the letter of intent. *See id.* at ¶ 18 & Exh. A at ¶ 10. The parties proceeded to negotiate a purchase and sale agreement, as required by the letter of intent. *See* Verified Complaint at ¶¶ 19-20. Simultaneously, and on an extremely expedited basis, ELV conducted and completed all of the due diligence in its control, incurring substantial expense in the process. *See id.* at ¶ 24. Nine days after signing the letter of intent, the parties completed their negotiations and Park Office Properties' attorney circulated a final purchase and sale agreement (the "Agreement"). *See id.* at ¶¶ 21-23 & Exh. C. The Agreement, like the letter of intent, set the purchase price at $15,250,000. *See id.*, Exh. C at ¶ 2.4. The next day, however, a representative of Park Office Properties' real estate brokerage firm informed ELV that Park Office Properties would not execute the Agreement because it had "just found out" that it would owe a pre-payment penalty to its commercial mortgage lender when it sold the Property and paid the mortgage in full, and thus now regarded the purchase price that it had committed to in the letter of intent as too low. *See id.* at ¶ 25.

ELV responded by demanding that Park Office Properties reconsider its position and honor its obligation to sell the Property to ELV at the agreed upon purchase price of $15,250,000. *See* Verified Complaint at ¶ 27 & Exh. E. Although Park Office Properties has stated that it remains willing to sell the Property to ELV and has never objected to any term of the Agreement other than the purchase price, Park Office Properties has refused to do so. *See id.* at ¶¶ 28-29. Accordingly, ELV brought this action in Suffolk County Superior Court seeking, among other relief, specific performance of its rights under both the letter of intent and the purchase and sale agreement. Park Office Properties removed the case to this Court and then filed a Motion to Dismiss the Verified Complaint for failure to state a claim upon which relief could be granted. On June 22, 2004, the Court denied Park Office Properties' Motion, holding that the Complaint adequately pleads a claim for breach of contract in connection with the sale of the Property. On these facts, there can be no doubt that the subject matter of this action constitutes a claim of right to title to real property or the use and occupation thereof, and that the claim is both non-frivolous and reasonably supported by the facts plead in the Verified Complaint.

ELV's claim of right to the Property also has a well-founded basis in law. Park Office Properties agreed in the letter of intent to negotiate in good faith and to execute a purchase and sale agreement for the Property at a purchase price of $15,250,000 prior to January 26, 2004. *See* Verified Complaint, Exh. A at ¶¶ 5(a) & 10. That obligation is binding and enforceable. *See Lafayette Place Assocs. v. Boston Redevelopment Auth.*, 427 Mass. 509, 517-18 (1998) (holding that agreement stating that "the parties shall in good faith negotiate and enter into an agreement" is an enforceable contract); *see also Hunneman Real Estate Corp. v. Norwood Realty, Inc.*, 54 Mass. App. Ct. 416, 425 & n. 14 (2002); *compare Schwanbeck v. Federal-Mogul Corp.*, 412

Mass. 703, 706 & n.2 (1992) (parties not bound by good faith provision in letter of intent, where letter also specifically stated that it was not intended to create any binding legal obligation whatever). Further, Park Office Properties had an obligation to convey the Property to ELV under the Agreement that its attorney circulated for execution on January 22, 2004. That Agreement, although not executed, is binding and enforceable in this case because the parties had reached agreement with respect to all the material terms and had circulated a final Agreement that they were bound (by the letter of intent) to execute, and because ELV (acting in reasonable reliance on that promise) incurred substantial expense in completing its due diligence on an expedited basis. *See, e.g., McCarthy v. Tobin*, 429 Mass. 84, 87-88 (1999); *Greenstein v. Flatley*, 19 Mass. App. Ct. 351, 356-57 (1985). By refusing to execute the Agreement and convey the Property to ELV, Park Office Properties clearly has breached both of these obligations and thus has deprived ELV of its right to purchase the Property. That deprivation plainly warrants an order requiring specific performance of Park Office Properties' obligations. *See, e.g., McCarthy*, 429 Mass. at 89 (1999); *Raynor v. Russell*, 353 Mass. 366, 367 (1967).

Finally, although Mass. G.L. c. 184 § 15(b) permits the Court to decline to endorse a memorandum of lis pendens where it has ordered temporary equitable relief that will preserve the status quo pending further proceedings, such relief has not been ordered here and would not ensure preservation of the status quo in this case. That is because, pursuant to Mass. G.L. c. 184 § 15(a), temporary equitable relief would not bind persons other than the parties to this action who have no actual notice of the order of equitable relief. Thus, even if the Court were to enter a temporary restraining order ("TRO"), ELV could be deprived of its right to specific performance of the Agreement if Park Office Properties were to convey the Property to a third-party buyer who has no actual knowledge of the TRO. That is a very real concern here because several other

potential buyers have expressed interest in purchasing the Property. *See* Verified Complaint at ¶ 9. In any event, as noted above, the Court has not ordered temporary equitable relief.

For all of the foregoing reasons, ELV respectfully requests that the Court endorse the memorandum of lis pendens attached to the Motion for Approval of Memorandum of Lis Pendens, or some other memorandum of lis pendens in whatever form the Court deems proper.

Respectfully submitted,

ELV ASSOCIATES, INC.

By its attorneys,

/s/ Patrick M. Curran

Martin M. Fantozzi (BBO# 554651)
Patrick M. Curran, Jr. (BBO# 659322)
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776

Dated: July 13, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail (by hand) on July 13, 2004.

/s/ Patrick M. Curran