UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELV ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 04-10930-RGS |
| ) | |
| PARK OFFICE PROPERTIES II, LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S REPLY TO COUNTERCLAIM

The plaintiff, ELV Associates, Inc. ("ELV") hereby responds to the individually

numbered allegations in the Counterclaim of the defendant, Park Office Properties II, LLC

("Park Office Properties"), as follows:

1.      Paragraph 1 sets forth conclusions of law as to which no response is required.

Further answering, to the extent that a response is required, ELV states that it lacks knowledge or

information sufficient to form a belief as to the truth of the allegation in paragraph 1 that this

Court has subject matter jurisdiction over the Counterclaim.  Further answering, ELV admits that

the Court has personal jurisdiction over ELV.

2.      Paragraph 2 sets forth a conclusion of law as to which no response is required.

Further answering, to the extent that a response is required, ELV admits that venue is proper in

this Court.

3.      Admitted.

4.      ELV admits that paragraph 4 accurately quotes a selective portion of Paragraph

5(a) of the Letter of Intent.  Further answering, ELV denies the allegations stated in paragraph 4

insofar as it seeks to characterize the entirety Paragraph 5(a) or of the entire document, which speak for themselves.

5.    ELV admits that, with one exception that appears to be a typographical error (the word "provision" in the second line of the quoted selection should be "provisions"), paragraph 5 accurately quotes a selective portion of Paragraph 10 of the Letter of Intent. Further answering, ELV denies the allegations stated in paragraph 5 insofar as it seeks to characterize the entirety of Paragraph 10 or of the document, which speak for themselves.

6.    ELV lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 6.

7.    ELV lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 7.

8.    ELV lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 8.

9.    ELV lacks knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 9.

10.   ELV admits that on January 23, 2004, a representative of Spaulding & Slye, the broker for the Property, called Scott Jenkins of ELV and informed him that Park Office Properties had a problem because it supposedly had "just found out" that it would owe a pre-payment penalty in the approximate amount of $600,000 to its commercial mortgage lender when it sold the Property and repaid the mortgage in full. Further answering, ELV denies the allegations stated in paragraph 10 to the extent that they vary in any way from the admissions set forth in this paragraph.

11.    Denied.

12.    Denied

## Count I
### (Breach of Letter of Intent and Implied Covenant of Good Faith and Fair Dealing)

13.    Denied.

14.    Denied.

## Count II
### (Violation of Mass. Gen. L. c. 93A, §§ 2 and 11)

15.    ELV restates and incorporates the statements in paragraphs 1-14 as if fully set forth herein.

16.    Paragraph 16 sets forth conclusions of law to which no response is required. Further answering, to the extent that a response is required, ELV admits that ELV was engaged in the conduct of trade or commerce in Massachusetts in connection with its efforts to purchase the Property.

17.    Paragraph 17 sets forth conclusions of law to which no response is required. Further answering, to the extent that a response is required, ELV admits that Park Office Properties is a business entity engaged in trade or commerce, and denies the remaining allegations stated in paragraph 17.

18.    Denied.

19.    Denied.

20.    Denied.

## FIRST AFFIRMATIVE DEFENSE

Count I fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Count II fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Park Office Properties' claims are barred, in whole or in part, by the doctrines of estoppel and/or waiver.

## FOURTH AFFIRMATIVE DEFENSE

The Letter of Intent did not impose on ELV any obligation to negotiate with Park Office Properties, in good faith or otherwise, concerning the alleged pre-payment penalty.

## FIFTH AFFIRMATIVE DEFENSE

The conduct alleged against ELV is not actionable as a violation of Mass. G.L. c. 93A because the alleged harm caused to Park Office Properties did not occur primarily and substantially within the Commonwealth of Massachusetts.

## SIXTH AFFIRMATIVE DEFENSE

Park Office Properties has suffered no damages

## SEVENTH AFFIRMATIVE DEFENSE

Alternatively, and without an admission of any kind, Park Office Properties failed to mitigate any damages that it may have suffered.

GSDOCS-1381363-1

## EIGHTH AFFIRMATIVE DEFENSE

Alternatively, and without an admission of any kind, any damages that Park Office Properties may have suffered were not actually or proximately caused by any act(s) or omission(s) on the part of ELV.

*WHEREFORE*, Plaintiff ELV Associates, Inc. respectfully requests that the Counterclaim filed by Defendant Park Office Properties II, LLC be dismissed with prejudice, with costs and attorneys fees assessed against the Defendant.

**ELV ASSOCIATES, INC.**

By its attorneys,

Martin M. Fantozzi (BBO# 554651)
Patrick M. Curran, Jr. (BBO# 659322)
Goulston & Storrs
A Professional Corporation
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
(617) 482-1776

Dated: July 30, 2004

GSDOCS-1381363-1

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2004, a true and correct copy of the foregoing

Plaintiff's Reply to Counterclaim was served by first class mail upon:

> Carlos Perez-Albuerne
> Choate, Hall & Stewart
> Exchange Place
> 53 State Street
> Boston, MA 02109
>
> William M. Droze
> Troutman Sanders LLP
> Bank of America Plaza, Suite 5200
> 600 Peachtree Street, N.E.
> Atlanta, GA 30308-2216

> Counsel for Defendant Park Office
> Properties II, LLC
>
> Martin M. Fantozzi